## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**KIMBERLY BETZ,**

    Plaintiff,

vs.                                           **Case No. 8:05-CV-1058-T-EAJ**

**JO ANNE B. BARNHART,**
**Commissioner of**
**Social Security,**

    Defendant.
_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Sections 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB").[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole and comports with applicable legal standards. See 42 U.S.C. § 405(g). Substantial

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge. (Dkt. 11)

evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

If the Commissioner committed an error of law, the case must be remanded for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then remand to the Commissioner for clarification is required. See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**I.**

Plaintiff protectively filed an application for DIB benefits on August 22, 2002, alleging disability beginning on January 1, 2002. (T 54, 97-101) Plaintiff's claim was denied initially, upon reconsideration, and by the ALJ in a decision issued on December 16, 2004. (T 13-19) The Appeals Council declined to review the ALJ decision (T 5-7), making the ALJ's decision the final decision of the Commissioner.

The ALJ found that Plaintiff was not eligible for DIB benefits because she was not disabled at any time through the ALJ's decision

on December 16, 2004. (T 19-21) Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits. Plaintiff has exhausted all administrative remedies and the Commissioner's decision is ripe for review under the Act.

Plaintiff, 37 years old at the time of the administrative hearing on July 21, 2004, has a high school education and a college degree in elementary education. (T 6,97, 302) She has past relevant work as an elementary school teacher and daycare worker. (T 44-52, 55) Plaintiff asserts that she became disabled on January 1, 2002 due to a combination of impairments including fibromyalgia, chronic pain, fatigue, insomnia and depression/anxiety (T 53-62, 75-78, 79-87, 90-97)

The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of January 2, 2002 and that Plaintiff had the following severe combination of impairments: fibromyalgia resulting in chronic pain and fatigue, depression, anxiety (controlled by medications)[2], and insomnia (controlled by medications). (T 13-14) However, the ALJ concluded that Plaintiff's impairments did not meet or equal an impairment listed in the Listing of Impairments. (T 14, 18)

The ALJ found that Plaintiff had the residual functional capacity ("RFC") for light work, with a sit/stand option. (T 18)

---

[2] See discussion infra, pages 6-7, concerning some ambiguity in the ALJ's decision regarding Plaintiff's severe mental impairments.

Based on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could return to her former work as an elementary school teacher and was therefore not disabled. (T 13-19)

Plaintiff's memorandum of law sets forth one issue: whether the Commissioner erred in fully and adequately considering all of Plaintiff's impairments. Embedded under this argument are other issues. Those issues which are developed legally and factually the court will address; those which are "shotgun" type of arguments will not be addressed as it is incumbent on Plaintiff (through her designated attorney) to establish her arguments with specificity, not in a conclusory manner.

The medical evidence has been summarized in the ALJ's decision and will not be repeated here except to address the issues presented.

**A.** Plaintiff appears to suggest that the ALJ did not consider the combined effect of her impairments, both severe and non-severe, as required by <u>Walker v. Bowen</u>, 826 F.2d 996, 1001 (11th Cir. 1987), and other cases. Specifically, Plaintiff alleges that the ALJ did not adequately consider Plaintiff's psychological impairments of depression and anxiety, her symptoms of fibromyalgia, including fatigue, and her chronic pain in combination with her other impairments, nor their effect on her ability to work. (Dkt. 21 at 7-8, 11-13)

It is well-established that the ALJ must evaluate both the separate and combined effect of Plaintiff's claimed impairments. 20 C.F.R. § 416.923; Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir. 1986); Bowen v. Heckler 748 F.2d 629, 634 (11th Cir. 1984). Remand is warranted when the ALJ fails to follow this procedure. Gibson, 779 F.2d at 623.

Despite Plaintiff's contentions that the ALJ failed to give proper consideration to the combined effect of her impairments, the ALJ did, in fact, consider the effects of Plaintiff's impairments as evidenced by his written decision. (T 14) The ALJ specifically held that "In determining the claimant's residual functional capacity consideration is given to the combined effects of all the claimant's medical impairments upon the claimant's ability to function . . . " (T 14)  The Eleventh Circuit has held that this language is sufficient to fulfill the Commissioner's obligation to consider the combination of all impairments. Wheeler v. Heckler, 784 F.2d 1073, 1076 (11th Cir. 1986)(language in ALJ's decision stating that claimant was "not suffering from any impairment, or a combination of impairments of sufficient severity to prevent him from engaging in any substantial gainful activity for a period of at least twelve continuous months" evidenced that the ALJ considered impairments in combination).

Accordingly, the language in the ALJ's decision meets the requirement elucidated in Wheeler, and demonstrates that, as

required under Gibson, the ALJ made a particular and well-formulated determination of the effect of Plaintiff's impairments; therefore, remand is not warranted.

**B.** Plaintiff also takes issue with the ALJ's failure to complete a Psychiatric Review Technique Form ("PRTF") or comply with the mode of analysis used in the form, citing Moore v. Barnhart, 405 F.3d 1208, 1214 (11th Cir. 2005). The Commissioner does not address this issue in her memorandum of law.

Agency regulations require the ALJ to use the "special technique" dicated by the PRTF for evaluating mental impairments. 20 C.F.R. § 404.1520a(a). This technique requires separate evaluations on a four-point scale of how the claimant's mental impairment impacts four functional areas: "activities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. § 404.1520a(c)(3-4). The ALJ is required to incorporate the results of this technique into the findings and conclusions. 20 C.F.R. § 404.1520a(e)(2).

The ALJ's decision contains some ambiguities concerning Plaintiff' severe mental impairments. At one point in the decision, the ALJ noted that Plaintiff's severe impairments include depression and anxiety, both controlled by medication.[3] (T 14)

---

[3] On May 3, 2002, Shodhan A. Patel, M.D. ("Dr. S. Patel"), a psychiatrist, diagnosed Plaintiff with major depression, recurrent, and anxiety disorder. (T 183) In November 2002, Thomas G. Trimmer a psychologist, diagnosed Plaintiff with Dysthymic Disorder (chronic minor depression) and assessed a GAF of 55. (T 212)

6

However, later in the decision, the ALJ listed only anxiety as a severe mental impairment. (T 18)

The ALJ found that Plaintiff's medications include: Prozac, Wellbutrin, and Zoloft for depression; Xanax for anxiety; and Ambien for insomnia. (T 16) However, the ALJ also commented that Plaintiff's allegations of depression "relate primarily to her physical problems" and "there is no history of any depression-related hospitalizations." (Id.) The ALJ concluded that as Plaintiff's medical records showed no significant complaints by Plaintiff to her treating physicians, "it is assumed the claimant's medication was relatively effective in controlling her symptoms." (Id.)

Despite the finding that Plaintiff's anxiety (at least) was a severe mental impairment, the ALJ failed to complete a PRTF form and did not analyze Plaintiff's condition in three of the four PRTF's functional areas: social functioning; concentration, persistence, or pace; and prior episodes of decompensation. If the record contains evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner is required to follow the procedure for evaluating the potential mental impairment set forth in the regulations and to document the procedure accordingly. Gutierrez v. Apfel, 199 F.3d 1048, 1051 (9th Cir. 2000). Because the ALJ's decision lacks consideration of these factors and their impact on his ultimate conclusion as to

Plaintiff's RFC, a remand is required. Moore, 405 F.3d at 1214(where claimant presents colorable claim of mental impairment, ALJ's failure to comply with PRTF regulations requires remand). Therefore, on remand, the ALJ is require to complete a PRTF and incorporate its mode of analysis into his findings and conclusions in evaluating Plaintiff's severe mental impairments and shall also clarify whether Plaintiff's severe impairments also include depression.[4]

**C.** The final issue raised by Plaintiff is whether the ALJ properly evaluated her complaints of pain and fatigue and other subjective symptoms by understating the effects of her fibromyalgia, failing to evaluate the claimed side effects of medication, and placing undue emphasis on Plaintiff's daily activities as a basis for rejecting her complaints as totally credible.[5]

---

[4] Plaintiff also contends that the ALJ did not consider the work-related restrictions of her severe mental impairment. On remand, the ALJ is required to follow a special technique dictated by the PRTF in evaluating mental impairments, including an evaluation of functional consequences of Plaintiff's mental impairments on her ability to work. Moore, 405 F.3d at 1213; see 20 C.F.R. § 404.1520(a)(a)(2). Thus, it is unnecessary to address this issue.

[5] The ALJ determined that, while Plaintiff complained about pain and difficulty sleeping and sought treatment for the same, the medical evidence did not support Plaintiff's allegations. (T 17) In particular, the ALJ noted that Plaintiff's treating physician, Aaron Long, M.D. ("Dr. Long"), reported that Plaintiff's pain in October 2002 was generally well-controlled with medication and that she had no significant complaints of difficulty sleeping. (T 17,269-274) Dr. Long also reported in August 2003 that Plaintiff's condition remained stable; Plaintiff had adequate analgesia with medication and she could perform 80 percent of her daily

If remand is required on some of the issues raised in the case, it may be unnecessary to review other objections to the ALJ's conclusion.  See generally Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1991).  Thus, it is unnecessary to address Plaintiff's argument regarding these issues.  However, the Commissioner is reminded of the substantial body of case law in this area concerning the evaluation of fibromyalgia in Social Security disability application cases.  See Moore, 405 F.3d at 1211, citing Stewart v. Apfel, 245 F. 3d 793, 2000 U.S. App. LEXIS 33214 at *8 (11th Cir. Dec. 20, 2000).

## CONCLUSION

While concluding that remand for further fact-finding is necessary due to errors of law at the administrative level regarding the impact of Plaintiff's mental impairments on her residual functional capacity, this court expresses no views as to what the outcome of the proceedings should be.  At the reopened hearing, each party should have the opportunity to submit additional evidence.

Accordingly and upon consideration it is **ORDERED** and **ADJUDGED** that:

(1) The decision of the Commissioner be **REVERSED** and the case be **REMANDED** for further proceedings and consideration consistent with the foregoing; and

---

activities.  (T 17-18, 272)

(2)  The Clerk of Court enter final judgment pursuant to 42 U.S.C. § 405(g) as this is a "sentence four remand." <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302-03 (1993); <u>Newsome v. Shalala</u>, 8 F.3d 775, 779-80 (11th Cir. 1993).

**DONE AND ORDERED** in Tampa, Florida this 25th day of September 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge